UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD L. NGO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1644 |
| § | |
| PM/CTS, LLC, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion to Remand. After carefully considering the submissions of the parties and the applicable law, the Court decides that Plaintiff's Motion to Remand (Doc. No. 16) will be **GRANTED** once fees and expenses are paid. The Court will remand this action to the 157th Judicial District Court, Harris County, Texas, where it was originally filed. Because the Court will grant the Motion to Remand, Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 16) is **DENIED** as moot.

### I.   BACKGROUND

Plaintiff Edward Ngo ("Plaintiff") filed this action against Defendants PM/CTS, LLC, JSP Partners, LLC, Electronic & Technical Specialists, LP, McCutcheon Interests, Ltd., Mctech Staffing Services, LP, and Paul McCutcheon (collectively, "Defendants") on December 18, 2014, in the 157th Judicial District Court, Harris County, Texas. Defendants terminated Plaintiff's employment on December 23, 2013, and Plaintiff alleges that his termination was in violation of the Texas Commission on Human Rights Act ("TCHRA") and the Texas common law of torts. Plaintiff brings claims of national origin discrimination, disability discrimination, harassment, hostile work environment, retaliation, and intentional infliction of emotional

1

distress.

On June 10, 2015, Defendants removed this action to federal court. *See* Notice of Removal (Doc. No. 1). Defendants removed this case on grounds of federal question jurisdiction. Although Plaintiff's state court petition does not assert any claims arising under federal law, Defendants contend that removal is proper because Plaintiff filed discovery responses that allegedly invoke a federal cause of action. Specifically, Plaintiff made reference to Title VII in four responses to motions for protective orders and in one response to a plea to the jurisdiction. *Id.* at 2.

Plaintiff believes that this case is not removable and filed this Motion to Remand (Doc. No. 16) on July 10, 2009. Mr. Ngo states that he has no intention of bringing any federal claims and contends that the references to Title VII in his state-court filings are insufficient to confer subject matter jurisdiction on this court. Mot. Remand 8-10 (Doc. No. 16).

## II.   JURISDICTIONAL STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, and over cases where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Whether federal question jurisdiction exists over a case removed from state to federal court, or originally filed in federal court, is a question that ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex.*, Inc., 980 F.2d 1014, 1017 (5th Cir. 1993).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, when a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction. As Defendant removed this case on the basis that a federal question exists, the Court confines its analysis to that issue.[1]

### III.   ANALYSIS

It is well established that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under a straightforward application of the well-pleaded complaint rule, the Court plainly does not have federal question jurisdiction. Plaintiff's

---

[1] It is undisputed that there is no basis for diversity jurisdiction here.

state court petition (both the original and the amended) does not contain any federal cause of action, nor any other potential basis for federal question jurisdiction. *See* Notice of Removal Ex. C (Pl.'s Original Pet.) (Doc. No. 1); *Id.* Ex. FF (Pl.'s First Am. Pet.) (Doc. No. 3). Plaintiff's petition is strictly limited to claims under the Texas Commission on Human Rights Act, the Texas Labor Code §§ 21.001 *et seq.*, and the Texas common law of torts. *See id.*

Because Plaintiff's pleadings clearly do not assert a federal question, Defendants attempt to rely on the "other paper" provision of the removal statute to justify removal of this case. Defs.' Resp. 8-10 (Doc. No. 18). Under 28 U.S.C. § 1446(b)(3), if the original complaint presents no grounds for removal, a defendant may later remove the case after receipt of "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added). Defendants argue that certain statements Plaintiff made in discovery responses constitute "other paper" from which it may be ascertained that the action is removable.[2] During the course of discovery in state court, Plaintiff made a cursory, boilerplate reference to Title VII in four nearly identical responses to Defendants' motions for protective orders and in one response to Defendants' plea to the jurisdiction. In the responses to the four motions for protective orders, Plaintiff stated that "Plaintiff is seeking Title VII recovery." Notice of Removal Ex. OO, at 23 (Doc. No. 3); *Id.* Ex. PP, at 17; *Id.* Ex. QQ, at 54; *Id.* Ex. SS, at 18. In his response to Defendants' plea to the jurisdiction, Plaintiff stated that he "is seeking relief under TWC, EEOC and Title VII of the Civil Rights Act of 1964." *Id.* Ex. RR, at 97.

---

[2] A "discovery response may constitute an 'other paper' under the federal removal statute." *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011).

The Court finds that these few, perfunctory references to Title VII in Plaintiff's discovery filings do not constitute "other paper" sufficient to raise a federal question and establish federal jurisdiction. In *Eggert v. Britton*, the Fifth Circuit made clear that the "other paper" provision of § 1446(b) cannot be used by defendants as an end run around the well-pleaded complaint rule.[3] 223 F. App'x 394 (5th Cir. 2007). When courts "look to 'other paper' to ascertain removability," they are typically "clarifying that *diversity* jurisdiction has been established."[4] *Id.* at 397 (emphasis added). *See, e.g.*, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (looking to a demand letter that established the amount in controversy); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (looking to deposition testimony that established the amount in controversy). However, where removal is premised on federal question jurisdiction, as it is here, "the 'other paper' doctrine has little application." *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D. W. Va. 2013) (citing *Eggert*, 223 F. App'x at 397). Because a

---

[3] Defendants cite *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730 (5th Cir. 1996) for the proposition that "[t]he scope of federal jurisdiction . . . 'is broader than the existence of a cause of action'" in the plaintiff's pleadings. Defs.' Resp. 9 (Doc. No. 18). *Cervantez* is the only case Defendants cite in support of the assertion underlying Defendants' removal—namely that "removal is proper even when the plaintiff may not have pled a federal cause of action." Defs.' Resp. 10 (Doc. No. 18). However, *Cervantez* does not support this statement at all. In *Cervantez* (where the Fifth Circuit held that the action would have been removable, had notice of removal been timely filed), the plaintiff amended his state court petition to allege that "he was 'entitled to the affirmative relief he seeks . . . pursuant to . . . Title 42 of the United States Code, Section 1983.'" 99 F.3d at 733. Thus, in *Cervantez*, the plaintiff *did* plead a federal cause of action. Here, by contrast, neither Mr. Ngo's initial petition nor his amended petition stated a federal cause of action, nor any other basis for federal question jurisdiction. Because the Fifth Circuit in *Cervantez* concluded that the plaintiff stated a federal claim on the face of his amended petition, the *Cervantez* court had no opportunity to address the issue presented here and in *Eggert*—whether a plaintiff's statements in papers *other than* the complaint are sufficient to establish federal question jurisdiction.

[4] As the *Eggert* court explained, "[t]ypically, a plaintiff will have brought a state law claim against a diverse party but will not have alleged the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction." *Eggert*, 223 F. App'x at 397.

5

plaintiff has "exclusive authority to define the nature of his or her claims, documents extrinsic to the complaint are simply irrelevant." *Id.*

In *Eggert*, the Fifth Circuit held that the plaintiff's cursory reference to federal law in an interrogatory response was not sufficient for removal based on federal question jurisdiction because the plaintiff's state court petition unambiguously alleged only state law claims. 223 F. App'x at 398. *Eggert* held that, where the putative federal-law claim does "not appear in the pleadings," and where the references to federal law in the "other paper" do not "clarify any possible federal nature of the claims made in the pleadings," removal on the basis of statements in "other paper" is "inconsistent with the well-pleaded complaint rule and the intent of § 1446(b)." *Id.* In other words, federal courts may rely on the "other paper" doctrine to ascertain federal question jurisdiction "only to clarify the ambiguous nature of an existing claim." *Freeman v. Phillips 66 Co.*, No. CIV.A. 14-2257, 2014 WL 7330620, at *2 (E.D. La. Dec. 18, 2014). There is not "a single case where a federal court has used the 'order or other paper' rule to inject a federal question into a complaint that alleges strictly state law based claims." *Dougherty*, 987 F. Supp. 2d at 730.

Because a district court may base federal question jurisdiction on "other paper" only if a complaint is ambiguous as to whether the plaintiff's claims arise under state or federal law, it is clear that Plaintiff's references to Title VII in the discovery filings do not create federal question jurisdiction. Mr. Ngo's complaint could not be clearer: not only does it assert exclusively state-law claims, but it affirmatively states that "Plaintiff is not bringing any federal claims in this lawsuit." Pl.'s Original Pet. ¶ 3.4; Pl.'s First Am. Pet. ¶ 3.4. Plaintiff has made clear to the Court that his references to Title VII in the five discovery responses were entirely unintentional (presumably the result of a drafting error). *See* Pl.'s Mot. Remand 10 (Doc. No. 16).

Furthermore, Plaintiff has stated unequivocally that he has no intention of bringing any federal-law claims. *See id.* at 3, 10, 16. In cases where the pleadings assert solely state-law claims and leave no ambiguity as to a possible federal claim, district courts have consistently rejected a defendant's attempt to use "other paper" to establish federal question jurisdiction. *See, e.g.*, *Smith v. Houston Pilots*, No. CIV.A. H-13-0565, 2013 WL 1787782, at *1 (S.D. Tex. Apr. 25, 2013); *American Home Shield of Tex. v. Texas*, No. CIV.A. H-10-0808, 2010 WL 1903594, at *3 (S.D. Tex. May 10, 2010); *Lukawski v. FlightSafety Texas, Inc.*, No. 3:09-CV-965-L, 2009 WL 2523808, at *2 (N.D. Tex. Aug. 17, 2009); *Trotter v. Steadman Motors*, Inc., 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999). Similarly, Defendants here may not use the stray references to Title VII in Plaintiff's discovery filings to insert a federal cause of action into Plaintiff's lawsuit where clearly there was none before.

## IV. FEES AND EXPENSES

Plaintiff seeks reimbursement of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. § 1447(c). *See* Pl.'s Mot. Remand 32-34 (Doc. No. 16). A court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)). Such an award is not a sanction, *News-Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216, 220 (5th Cir. 1987), nor is it predicated on any showing of bad faith, *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Under these principles that guide a district court's discretion to award fees under § 1447(c), the Court finds that an award is appropriate here. Because the caselaw applying the "other paper" provision of § 1446(b) unequivocally invalidates Defendants' reasons for removal, Defendants did not have "objectively reasonable grounds to believe the removal

was legally proper." *Id.* at 293. The parties are to confer on an appropriate award of fees and expenses, and are to notify the Court as to the amount agreed. If the parties cannot agree, the Court will schedule an evidentiary hearing to determine the amount.

## V. CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over this action. Plaintiff's Motion to Remand (Doc. No. 16) will be **GRANTED** once fees and expenses are paid. Because the Court will grant the Motion to Remand, Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 16) is **DENIED** as moot.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 15th of September, 2015.

*[signature: Keith P. Ellison]*

———————————————
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE